Patrice L. Bishop (182256)
pbishop@ssbla.com
**STULL, STULL & BRODY**
9430 W. Olympic Blvd., Suite 400
Beverly Hills, CA  90212
Tel:   310-209-2468
Fax:  310-209-2087

*Counsel for Plaintiff*

(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RONNIE KAUFMAN, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, XXVI HOLDINGS INC., and ALPHABET INC.<br><br>Defendants. | Case No. 5:18-cv-06685<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ronnie Kaufman ("Plaintiff"), by and through her undersigned counsel, submits this Complaint on behalf of herself and all others similarly situated. Plaintiff's allegations are based upon their personal knowledge as to themselves and their own acts, and upon information and belief, developed from the investigation and analysis by Plaintiff's counsel, including a review of publicly available information.

### NATURE OF THE ACTION

1. Plaintiff brings this class action case against Google LLC, XXVI Holdings Inc., and Alphabet Inc. (collectively referred to herein as "Google" or "Defendants") for their deceptive practices of tracking and storing location data after users deactivate Google's ability to track and store location data using instructions provided by Google.

2. Google is a multinational technology company that specializes in Internet-related services and products, which include online advertising technologies, search engine, cloud computing, software, hardware and which includes the development of mobile operating systems and mobile applications ("apps").

3. Google represented to the public and its users that it would not access users' location history if the users took certain steps in managing their privacy settings. Specifically, Google represented that if users disable the "Location History" feature on their accounts or devices, then Google would be prevented from tracking and storing location data from them. Google's support page, stated: "You can turn off Location History at any time. With Location History off, the places you go are no longer stored."

4. Google's representation was false, however. As revealed in a recent Associated Press investigation, and confirmed by computer-science researchers at Princeton University, Google accesses and stores the precise geolocation

information even from individuals who have affirmatively disabled the Location History setting.[1]

5. For example, even with the Location History feature disabled, Google apps will still automatically store time-stamped location data without obtaining consent from the user. The AP Report revealed that "Google stores a snapshot of where you are when you merely open its Maps app. Automatic daily weather updates on Android phones pinpoint roughly where you are. And some searches that have nothing to do with location, like 'chocolate chip cookies,' or 'kids science kits,' pinpoint your precise latitude and longitude—accurate to the square foot—and save it to your Google account."[2]

6. Location data is highly sensitive, not only because the data point identifies where an individual is at any given time, but also because of the personal information that can be extracted from the location data. Therefore, the efforts of individuals who are conscious of their privacy and wish to avoid the collection and storage of sensitive location data should be respected and protected. However, Google collects the data against the express preferences and expectations of its users, thereby invading users' reasonable expectations of privacy.

7. Google uses the location information it unlawfully obtains from users for marketing and advertising purposes, and generates enormous revenues from it. For example, user-generated data provides information useful to advertisers such as foot traffic metrics. Peter Lenz, the senior geospatial analyst at Distillery, a rival advertising technology company, stated, "[t]hey build advertising information out of data" and that "more data for them presumably means more profit."[3] Last year

---

[1] Ryan Nakashima, *AP Exclusive: Google tracks your movements, like it or not*, AP News (Aug. 13, 2018), https://www.apnews.com/828aefab64d4411bac257a07c1af0ecb) (hereafter, "AP Report").

[2] *Id.*

[3] *Id.*

1  Google earned $95.4 billion from location-related advertising.[4]  Accordingly, Google is profiting off of intruding into Plaintiff's and Class members' solitude, seclusion, and private affairs.

8. Google's practice of tracking users' location, in direct contravention of user instructions clearly expressed by turning off the Location History feature, violates the California Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq.* ("CIPA"); Florida Deceptive and Unfair Trade Practices Act, Fla. Stat § 501.201 *et seq.*; and constitutes intentional and negligent misrepresentation.

### PARTIES

**Plaintiff**

9. Plaintiff Ronnie Kaufman is a Florida citizen residing in Parkland, Florida. Since at least 2015 Plaintiff has, continuously to the present, owned and operated Apple iPhones that had various Google apps and functionalities downloaded onto her phones. Plaintiff is presently using an iPhoneX and prior to that had owned and used an iPhone7. Plaintiff expressly attempted to limit Google's ability to track her location by managing her Location History settings on Google's website. She affirmatively turned the Location History storage option to "off." Plaintiff believed that by affirmatively turning the Location History storage option to "off," she was opting out of Google's practices of collecting and processing information about her actual location. Nevertheless, and unbeknownst to Plaintiff, Google continued to track and store her location information.

**Defendants**

10. Defendant Google LLC is a wholly owned subsidiary of XXVI Holdings Inc. Google LLC is a limited liability company formed under the laws of Delaware with its headquarters in Mountain View, California.

---

[4] Cal Jeffrey, *Turning Off 'Location History' does not prevent Google from tracking you*, Techspot (Aug. 13, 2018), https://www.techspot.com/news/75942-turning-off-location-history-does-not-prevent-google.html.

COMPLAINT
CASE NO. 5:18-cv-06685

11. Defendant XXVI Holdings Inc. is incorporated under the laws of Delaware and a wholly owned subsidiary of Alphabet Inc.

12. Defendant Alphabet Inc. is a publicly traded company incorporated under the laws of Delaware with its headquarters in Mountain View, California.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d)(2) and 1367, because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states. The proposed Class and Subclass each include well over 100 members.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Alphabet Inc. and Google LLC are headquartered in this District.

## INTRADISTRICT ASSIGNMENT

15. Pursuant to Civil L.R. 3-2(c), this civil action should be assigned to the San Jose Division, because a substantial part of the events or omissions giving rise to the claims occurred in the county of Santa Clara, where Google is headquartered.

16. Moreover, Google's "Terms of Service," available on Google's website, contains the following forum selection provision:

> All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts.[5]

---

[5] Google.com, Terms of Service, https://policies.google.com/terms?hl=en&gl=US (last visited Oct. 15, 2018).

COMPLAINT
CASE NO. 5:18-cv-06685

# SUBSTANTIVE ALLEGATIONS

**A. Google Tracks Its Users' Location Even When Users Affirmatively Disable the Location History Feature**

17. An operating system ("OS") is software that allows a user to run other applications on a computing device, such as a mobile phone. A majority of mobile phones run on one of two operating systems: Android or iOS. Google developed Android. Apple Inc. developed iOS.

18. In addition to developing the Android operating system, Google also develops apps that can be downloaded on Android and iOS devices.

19. On each operating system, users can manage the functionalities of their devices and apps by customizing their preferences.

20. Included among these preferences is the option to turn on or off Location History which is an individual's precise location information as determined through the phone's GPS coordinates.

21. Google represented to users of its devices and apps that by turning the Location History feature off, Google would not track and store data relating to an individual's location. Android phone users can manage the Location History preference from their devices, while iPhone users are required to log into their online Google accounts to do so.

22. Specifically, Google's support webpage on the subject stated:

> You can turn off Location History at any time. With Location History off, the places you go are no longer stored. When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account.

23. Accordingly, Google represented to both Android and Apple device users that turning the Location History feature off would result in Google ceasing to track and store an individual's location information.

24. However, Google's representations were false. As recently publicly revealed in the AP Report, turning off Location History only stopped Google from

COMPLAINT
CASE NO. 5:18-cv-06685

- 6 -

creating a location timeline that the user could view. Instead, Google continued to track phone owners and keep a record of their locations.

25. To demonstrate how powerful and invasive the tracking and storing of location data can be, the AP created a map of the movements of Princeton postdoctoral researcher Gunes Acar, who had the Location History feature on his cell phone turned off. The map identified where he travelled over three days, including, but not limited to, his train commute on two trips to New York, visits to The High Line park, Chelsea Market, Hell's Kitchen, Central Park, and Harlem.[6]

26. By tracking Plaintiff's and Class members' locations despite having affirmatively turned the Location History storage option off, Defendants intruded on and into Plaintiff's and Class members' solitude, seclusion, or private affairs. Google's conduct is contrary to users' reasonable expectations of privacy. As Princeton computer scientist and former chief technologist for the Federal Communications Commission's enforcement bureau, Jonathan Mayer, stated: "If you're going to allow users to turn off something called 'Location History,' then all the places where you maintain location history should be turned off. . . . That seems like a pretty straightforward position to have."[7]

**B.  Contrary to Google's Representations, Preventing the Collection and Storage of Location Information Is Actually a Complex, Counter-Intuitive Process**

27. To prevent Google from collecting and storing a user's location data, users must turn off Location History, in addition to disabling a setting called Web & App Activity.

28. However, the Web & App Activity setting is deeply buried in Google's settings, and in order to find it, users must first sign into their Google accounts either on a browser or through the Android settings menu. In the browser, users can

---

[6] Associate Press Interactive, *'Location history' Off? Google's still tracking you*, https://interactives.ap.org/google-location-tracking/ (last accessed Oct. 15, 2018).

[7] *See* AP Report.

COMPLAINT
CASE NO. 5:18-cv-06685

- 7 -

access the Web & App Activity account settings by finding "Google Account" in the dropdown menu in the upper right-hand corner, then selecting "Personal Info & Privacy," choosing "Manage your Google Activity," then clicking "Go to Activity Controls." Once there, the Web & App Activity setting is revealed, which can then be toggled off.

29. However, even if users navigate through their settings to find the Web & App Activity setting, Google obfuscates the fact that the Web & App Activity setting is even related to location collection data. The setting resides directly above, and separate from, the Location History option, causing reasonable users to conclude that Web & App Activity is not related to location tracking.

30. Further, Google's description of Web & App Activity is that it "[s]aves your activity on Google sites and apps to give you faster searches, better recommendations, and more personalized experiences in Maps, Search, and other Google services."[8] This description does not provide reasonable notice that it relates to location tracking.

31. To obtain additional information about the function of the Web & App Activity feature, a user must click "[l]earn more," then scroll to "[w]hat's saved as Web & App Activity," and click on "[i]nfo about your searches & more" before Google even mentions location tracking.[9] This is insufficient notice of the collection and storage of location information.

32. Leaving Web & App Activity on and turning Location History off does not stop Google's collection of certain location markers.

---

[8] Google.com, Activity Controls, https://myaccount.google.com/intro/activitycontrols (last visited Oct. 15, 2018).

[9] Google.com, Search Help, https://support.google.com/websearch/answer/54068?p=web_app_activity&hl=en&visit_id=636749651614250929-987972148&rd=1 (last visited Oct. 15, 2018).

COMPLAINT
CASE NO. 5:18-cv-06685

33. Google fails to make clear to users that in order to stop Google from saving their location markers, in addition to turning Location History off, they must also turn off the Web & App Activity setting.

C. **Google's Response to the AP Report Confirms Its Unlawful and Deceptive Acts and Practices**

34. In its response to the AP Report, Google first defended its actions, stating: "We provide clear descriptions of these tools."[10]

35. Then, three days after the AP revealed that several Google apps and websites store user location even if users have turned off Location History, Google announced that it was "updating the explanatory language about Location History to make it more consistent and clear across our platforms and help centers."[11] This statement contradicts a prior statement Google sent to the AP in which it claimed that the descriptions for opting out of Location History were clear.

36. The revised description on its website acknowledges that Location History continues to track users even if they have disabled the setting. Specifically, Google revised the description, which originally stated, "[w]ith Location History off, the places you go are no longer stored," to read "This setting does not affect other location services on your device."[12] Google also acknowledged that "some location data may be saved as part of your activity on other services, like Search and Maps."[13]

37. Accordingly, Google acknowledged, for the first time, that it continues to track users even if they disable the Location History setting.[14]

---

[10] AP Report.

[11] Ryan Nakashim, *APNewsBreak: Google clarifies location-tracking policy*, AP News (Aug. 16, 2018), https://apnews.com/ef95c6a91eeb4d8e9dda9cad887bf211.

[12] *Id.*

[13] *Id.*

[14] Nakashim, *supra*.

COMPLAINT
CASE NO. 5:18-cv-06685
- 9 -

38. Rather than ending the practice, however, Google simply revised its website so that it could continue to track those users who had previously affirmatively opted out of the tracking.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), or (c)(4) individually and on behalf of the members of the following proposed classes:

**The Nationwide Class**

40. Plaintiff seeks to represent a proposed nationwide class (the "Nationwide Class"), defined as follows:

> All persons in the United States who own Apple or Android mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google.

**The Florida Subclass**

41. Plaintiff also seeks to represent a subclass comprised of Florida residents (the "Florida Subclass"), defined as:

> All persons in the State of Florida who own Apple or Android mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google.

42. Except where otherwise noted, "the Class" and "Class members" shall refer to members of the Nationwide Class and the Florida Subclass, collectively.

43. Excluded from the Class are Defendants, their subsidiaries, affiliates, officers, directors, and employees; persons who have settled with and validly released Defendants from separate, non-class legal actions against Defendants based on the conduct alleged herein; counsel, and the immediate families of counsel who represent Plaintiff in this action; the judge presiding over this action; and jurors who are impaneled to render a verdict on the claims alleged in this action.

COMPLAINT
CASE NO. 5:18-cv-06685

- 10 -

44. Plaintiff is informed and believes that the proposed Class comprises millions of members. The Class is, therefore, so numerous and geographically dispersed that joinder of all members in one action is impracticable.

45. Defendants have acted, with respect to Plaintiff and members of the proposed Class, in a manner generally applicable to each of them. There is a well-defined community interest in the questions of law and fact involved, which affect all Class members. The questions of law and fact common to the Class predominate over the questions that may affect individual Class members, including the following:

    a. Whether Defendants violated the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 630;

    b. Whether Defendants violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat § 501.201 *et seq.* ("FDUTPA");

    c. Whether Defendants acted intentionally in violating the privacy rights of Plaintiff and Class Members;

    d. Whether Defendants misrepresented or omitted material facts to Plaintiff and Class Members; and

    e. Whether other, additional relief is appropriate, and what that relief should be.

46. Plaintiff's claims are typical of the claims of all members of the Class she proposes to represent in this action.

47. Plaintiff will fairly and adequately represent and protect the interests of the Class and does not have interests that are antagonistic to, or in conflict with, those she seeks to represent.

48. Plaintiff has retained counsel who have extensive experience in the prosecution of class actions and other forms of complex litigation.

49. In view of the complexity of the issues and the expense that an individual plaintiff would incur if he or she attempted to obtain relief from a large

corporation such as Google, the separate claims of individual Class members are monetarily insufficient to support separate actions. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of in this Complaint.

50. The Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation and will provide redress for claims too small to support the expense of individual, complex litigation. Absent a class action, Class members will continue to suffer losses, Defendants' violations of law will be allowed to proceed without a full, fair, judicially supervised remedy, and Defendants will retain sums received because of their wrongdoing. A class action will provide a fair and efficient method for adjudicating this controversy.

51. The prosecution of separate claims by individual Class members would create a risk of inconsistent or varying adjudications with respect to thousands of individual Class members, which would, as a practical matter, dispose of the interests of the Class members not parties to those separate actions or would substantially impair or impede their ability to protect their interests and enforce their rights.

52. The conduct of Defendants is generally applicable to the Class, as a whole, and Plaintiff seeks equitable remedies with respect to the Class as a whole. As such, the policies and practices of Defendants make declaratory or equitable relief with respect to the Class appropriate. Fed. R. Civ. P. 23(b)(2).

## COUNT I

### VIOLATIONS OF CIPA

### (Cal. Pen. Code §§ 630, *et seq.*)

53. Plaintiff incorporates and realleges by reference each and every allegation above as if set forth herein in full.

54. CIPA, Cal. Pen. Code § 630, provides that "[t]he Legislature hereby declares that advances in science and technology have led to the development of

COMPLAINT
CASE NO. 5:18-cv-06685

new devices and techniques for the purpose of eavesdropping upon private communication and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."

55. Google's acts and practices complained of herein, engaged in for purposes of acquiring and using the geolocation of mobile phone users, without their consent, and in direct contravention of the representations made about turning off the location history function, violate Cal. Pen. Code § 637.7.

56. Cal. Pen. Code § 637.7 prohibits the use of an electronic tracking device to determine the location or movement of a person.

57. In direct violation of this prohibition and without the consent of Plaintiff or Class members, and in direct contravention of those individuals' clearly-expressed wishes—Google intended to and continued to record, store, and use the location information of Plaintiff and Class members after they disabled the Location History feature on their phones.

58. As described herein, Google utilized multiple devices that are "electronic tracking devices" under Cal. Pen. Code § 637.7(d), in that Google employs and embeds a host of technology—including but not limited to apps, firmware, device components, operating system software, and other code—on each Class member's phone (a "movable thing" under the statute), and this technology "reveals its location or movement by the transmission of electronic signals."

59. Defendants' acts in violation of the CIPA occurred in the State of California because those acts resulted from business decisions, practices, and operating policies that Google developed, implemented, and utilized in the State of California and which are unlawful and constitute criminal conduct in the state of Google's principal business operations.

60. As a result of Google's violations of Cal. Pen. Code § 637.7, and pursuant to Cal. Pen. Code § 637.2, Plaintiff and Class members are entitled to the following relief:

 a. A declaration that Google's conduct violates the CIPA;

 b. Statutory damages and/or trebled actual damages;

 c. Injunctive relief in the form of, *inter alia*, an order enjoining Google from geolocating Class members in violation of CIPA;

 d. Injunctive relief in the form of, *inter alia*, an order requiring Google to destroy all data created or otherwise obtained from its illegal geolocation of Class members; and

 e. An award of attorney's fees and costs of litigation as provided by the CIPA, the private attorney general doctrine existing at common law and also codified at California Civil Code § 1021.5, and all other applicable laws.

## COUNT II

### INTENTIONAL MISREPRESENTATION

61. Plaintiff incorporates and realleges by reference each and every allegation above as if set forth herein in full.

62. Defendants and their agents, employees, and/or subsidiaries made materially false representations to Plaintiff and the Class that their operating system and apps did not secretly collect information against users' explicit wishes.

63. These material misrepresentations were contained in public statements by Defendants, including in its Terms of Service.

64. Defendants knew or recklessly disregarded the false and misleading nature of their material misrepresentations.

65. Defendants made the materially false and misleading statements for the purpose of inducing Plaintiff and the other members of the Class to install and use its operating system and apps.

66. In purchasing and using Google's operating system and apps, Plaintiff and the Class reasonably relied on Defendants' materially misleading statements that Plaintiff's and the Class' location would not be monitored contrary to users' explicit wishes.

67. As a result of Defendants' materially false and misleading misrepresentations and omissions, Plaintiff and the Class sustained damages as set forth herein.

## COUNT III

### NEGLIGENT MISREPRESENTATION

68. Plaintiff incorporates and realleges by reference each and every allegation above as if set forth herein in full.

69. Defendants and its agents, employees, and/or subsidiaries negligently and/or recklessly made materially false representations to Plaintiff and the Class as alleged above.

70. These material misrepresentations were contained in public statements by Defendants, including in its Terms of Service.

71. Defendants knew or should have known that the materially false and misleading statements would induce Plaintiff and the other members of the Class to accept the operating system and apps for their phones.

72. In purchasing and/or using Google's operating system and apps, Plaintiff and the Class reasonably relied on Google's materially misleading statements that their location would not be monitored contrary to their explicit wishes.

73. As a result of Google's materially false and misleading misrepresentations and omissions, Plaintiff and the Class sustained damage as set forth herein.

# COUNT IV

## VIOLATION OF FLORIDA'S UNFAIR TRADE PRACTICES ACT

**(Fla. Stat. § 501.201, *et seq.*)**

74. Plaintiff, individually and on behalf of the Florida Subclass, incorporates and realleges by reference each and every allegation above as if set forth herein in full.

75. At all relevant times, Florida Subclass members were "consumers" within the meaning of FDUPTA.

76. Google is engaged in trade and commerce in Florida.

77. As alleged herein this Complaint, Google engaged in unfair or deceptive acts or practices in the conduct of consumer transactions in violation of the FDUTPA as described herein.

78. Google knew or should have known that if Plaintiff and the Florida Subclass Members disabled the Location History feature, that their location information would still be tracked and stored.

79. As a direct and proximate result of Google's violation of the FDUTPA, Plaintiff and the Florida Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and nonmonetary damages, including from not receiving the benefit of their bargain in using Google's services and keeping their data private.

80. Plaintiff brings this action on behalf of herself and the Florida Subclass Members for the relief requested above and for the public benefit in order to promote the public interests in the provision of truthful, fair information to allow consumers to make informed decisions and to protect Plaintiff and the Florida Subclass and the public from Google's unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful practices. Google's wrongful conduct as alleged in this Complaint has had widespread impact on the public at large.

COMPLAINT
CASE NO. 5:18-cv-06685

81. Plaintiff and the Florida Subclass members seek actual damages under Fla. Stat. § 501.211 (2) and all fees, costs, and expenses allowed by law, including attorney's fees and costs, pursuant to Federal Rule of Civil Procedure 23 and Fla. Stat. §§ 501.2105 and 501.211, to be proven at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully request that this Court:

A. Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and appoint the Plaintiff as Class and Florida Subclass representative and her counsel as Class counsel;

B. Award Plaintiff and the other members of the Class and Florida Subclass appropriate relief, including actual and statutory damages;

C. Enter judgment in favor of Plaintiff and the other members of the Class and Florida Subclass against the Defendants under the legal theories alleged herein;

D. Award the Plaintiff and the other members of the Class and Florida Subclass pre-judgment and post-judgment interest at the maximum rate allowable by law;

E. Appropriate declaratory relief against Defendants;

F. An order enjoining Defendants from continuing to violate the laws as described herein;

G. Injunctive relief in the form of, inter alia, an order enjoining Defendants from continuing its practice of recording and using Plaintiff's and Class members' location information against their express preferences;

H. An order requiring Google to destroy all data acquired, created, or otherwise obtained from the unlawful recording and use of the location information of Plaintiff and Class members;

I.   An order requiring Google to modify its operating system and all applications, and representations made with respect thereto, in a manner that truthfully advises users of location tracking;

J.   For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

K.   A judgment awarding Plaintiff the costs of suit, including reasonable attorneys' fees, and pre and post-judgment interest; and

L.   Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  November 2, 2018        By:     *s/ Patrice L. Bishop*
Patrice L. Bishop
**STULL, STULL & BRODY**
9430 West Olympic Blvd., Suite 400
Beverly Hills, CA  90212
Tel:     (310) 209-2468
Fax:    (310) 209-2087
Email: service@ssbla.com

Melissa R. Emert
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY  10017
Tel:     (212) 687-7230
Fax:    (212) 490-2022
Email:  memert@ssbny.com

*Counsel for Plaintiff*

COMPLAINT
CASE NO. 5:18-cv-06685